People v Crogan (2020 NY Slip Op 01794)





People v Crogan


2020 NY Slip Op 01794


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


280 KA 19-00890

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CALVIN D. CROGAN, DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered March 29, 2019. The judgment convicted defendant upon a plea of guilty of attempted assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). We agree with defendant that he did not validly waive his right to appeal because County Court's oral colloquy "utterly mischaracterized the nature of the right' " to appeal (People v Thomas, — NY3d &mdash, 2019 NY Slip Op 08545, *6 [2019]), inasmuch as "the court's advisement as to the rights relinquished [by defendant] was incorrect and irredeemable under the circumstances" (id. at &mdash, 2019 NY Slip Op 08545, *5). Because the court provided defendant with erroneous information about the scope of the waiver of the right to appeal and failed to identify the several rights that would survive that waiver, we conclude that the colloquy was insufficient to ensure that the waiver was voluntary, knowing, and intelligent (see id. at &mdash, 2019 NY Slip Op 08545, *6-7). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court